**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-03382-NYW-NRN

DR. OLIVIA GILLESPIE,

Plaintiff,

v.

THOMPSON SCHOOL DISTRICT R2-J,
THEO ROBISON, in his individual and official capacities,
CHASTITY STRINGER, in her individual and official capacities,
SARA RASMUSSEN, in her individual and official capacities,
TOM TEXEIRA, in his individual and official capacities,
DR. BILL SIEBERS, in his individual and official capacities, and
JOHN DOES 1–5,

Defendants.

---

**ORDER ON MOTION FOR PARTIAL DISMISSAL**

---

This matter comes before the Court on Defendant's Partial Motion to Dismiss First Amended Complaint ("Motion for Partial Dismissal" or "Motion"). [Doc. 18, filed January 15, 2026]. Plaintiff Dr. Olivia Gillespie ("Plaintiff" or "Dr. Gillespie") opposes. [Doc. 26]. Defendants Thompson School District R2-J ("TSD" or the "District"), as well as Theo Robison ("Defendant Robison"), Chastity Stringer, Sara Rasmussen, Tom Texiera, and Bill Siebers (collectively "Individual Defendants," and together with the District, "Defendants") replied. [Doc. 29]. The Court finds that oral argument would not materially assist in the disposition of the Motion for Partial Dismissal. Upon review of the Motion and the related briefing, the applicable case law, and the entire docket, the Motion for Partial Dismissal is respectfully **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The following facts are taken from the Amended Complaint and assumed true for purposes of this Order. In March 2024, Plaintiff was hired as principal of Lucile Erwin Middle School ("LEMS"), making her TSD's first and only African-American middle-school principal. [Doc. 14 at ¶¶ 2,4]. Plaintiff claims that she faced discrimination from district-level supervisors based on her race, gender, and religion. Plaintiff alleges that she engaged in "modest" expression of her Christian faith, for which she received complaints and was reprimanded, despite other staff being allowed to express their faith. [*Id.* at ¶¶ 25–30]. She further avers that District administrators secretly recorded Plaintiff and scrutinized her social-media use more than other employees. [*Id.* at ¶¶ 31–32]. Dr. Gillespie was then placed on administrative leave due to her handling of an altercation between students, a decision she claims was pretextual and retaliatory. [*Id.* at ¶¶ 33–39]. Defendants subsequently provided details to the media about Plaintiff's administrative leave, damaging Plaintiff's reputation. [*Id.* at ¶ 40]. Dr. Gillespie submitted formal complaints to Human Resources and the Board of Education expressing concerns about "unequal enforcement of policy, suppression of faith-based expression, and retaliation," but these complaints led to no investigation or action. [*Id.* at ¶ 41]. Plaintiff also contends that she was paid less than her peers; she was effectively terminated in May 2025; and has been rejected for new positions after reference checks with TSD. [*Id.* at ¶¶ 42, 44–45].

Dr. Gillespie initiated this action against TSD and "John Does 1–5" on October 27, 2025, invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1331. [Doc. 1]. While Dr. Gillespie alleged that she brought the original Complaint against TSD and "individual

administrators of TSD, in their individual and official capacities," she did not name in the caption any of those individual administrators, though she did identify them as Defendants in the body of her Complaint. [*Id.* at ¶¶ 13–17]. On November 7, 2025, Plaintiff filed waivers of service for TSD and the Individual Defendants. [Doc. 6; Doc. 7; Doc. 8; Doc. 9; Doc. 10; Doc. 11]. Then, on December 22, 2025, Dr. Gillespie filed the operative Amended Complaint pursuant to D.C.COLO.LCivR 15.1(a). [Doc. 14; Doc. 15]. The Amended Complaint again identifies "John Does 1–5," but it does not identify the Individual Defendants in the case caption.

Although Defendants have proceeded as if the Individual Defendants are properly named, "pursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *aff'd*, 456 F. App'x 718 (10th Cir. 2012). Nevertheless, because the Parties proceed as if the Individual Defendants have been properly named, these Individual Defendants were served with the original Complaint, and the Individual Defendants are represented by the same counsel as TSD, this Court also proceeds accordingly for the purposes of efficiency. Fed. R. Civ. P. 1 (directing courts to construe, administer, and employ the Federal Rules in a manner to secure the just, speedy, and inexpensive determination of every action and proceeding).

In her Amended Complaint, Plaintiff asserts the following causes of action: (1) retaliation in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, based on raising concerns regarding discrimination, hostile work conditions, unequal pay, and suppression of her faith-based expression ("Claim I"); (2) sex discrimination in violation of Title VII ("Claim II"); (3) religious discrimination in

violation of Title VII and the First Amendment pursuant to 42 U.S.C. § 1983, when she was singled out and restricted from modest expressions of Christian faith through selective enforcement of District dress and communications policies ("Claim III"); (4) race discrimination in violation of Title VII ("Claim IV"); (5) hostile work environment in violation of Title VII ("Claim V"); (6) violation of her rights to free speech and free exercise of religion under the First Amendment pursuant to § 1983 for censoring her apparel that included the word "faith," and prohibiting greetings such as "I pray this email finds you and your family well," ("Claim VI"); and (7) violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("Claim VII").[1]

On January 15, 2026, Defendants filed the instant Motion for Partial Dismissal. [Doc. 18]. Defendants first contend that Dr. Gillespie's Claims I–V based on Title VII against the Individual Defendants are not viable because there can be no individual liability under that statute. [*Id.* at 4]. Defendants next argue that Plaintiff's First Amendment claims as articulated in Claims III and VI are duplicative, and in any instance, must be dismissed against the Individual Defendants because the Amended Complaint fails to allege any personal participation, [*id.* at 4–5], and against TSD because of the Amended Complaint fails to identify a custom policy or practice upon which to base municipal liability, [*id.* at 5–6]. Defendants finally assert that Claim VII must be dismissed against all Defendants, because such claim must be asserted against either the supervisor or the entity, but not both.[2] [*Id.* at 5–6]. Plaintiff responded, Defendants replied, and this Court turns to the arguments below.

---

[1] Presumably, Plaintiff intends to assert all claims against all Defendants.

[2] It appears that Defendants make the same substantive argument regarding Dr. Gillespie's Equal Pay Act claim twice in the instant Motion, except the relief alternates

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The Court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

### I. Title VII Claims Against Individual Defendants

In Claims I–V, Plaintiff asserts several theories under Title VII. However, Plaintiff concedes that she cannot sue individuals under Title VII. [Doc. 18 at 4; Doc. 26 at ¶ 9]. The Court thus respectfully **GRANTS** the Motion and **DISMISSES with prejudice** Claims I–V insofar as they arise under Title VII as to the Individual Defendants.[3]

---

between TSD and the Individual Defendants. *Compare* [Doc. 18 at 5], *with* [Doc. 6; Doc. 29 at 4].

[3] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brule v. Blue Cross & Blue Shield of N.M.* 455 F. App'x 836, 841 (10th Cir. 2011) (cleaned up). Because Title VII

## II. First Amendment Claims

### A. Claim III is Duplicative of Claim VII

Defendants first argue that the First Amendment claims, Claims III and VI, are duplicative. [Doc. 18 at 4–5]. Plaintiff does not respond to this argument, so the Court deems it conceded. *See C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court properly dismissed an argument as "abandoned" where the party failed to include that argument in response to arguments raised in a motion to dismiss). The Court **GRANTS** the Motion and **DISMISSES without prejudice** Claim III as to all Defendants insofar as it asserts a claim for a First Amendment violation.

### B. Plaintiff Fails to Adequately Plead Personal Participation Against Individual Defendants

This Court now turns to the issue of whether Plaintiff has plausibly pled a First Amendment claim against the Individual Defendants. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff's pleading must therefore contain well-pleaded, non-conclusory facts which, taken as true, would allow a factfinder to conclude that each named individual defendant was personally responsible for the alleged deprivation of the plaintiff's constitutional rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Defendants argue that "Dr. Gillespie fails to identify with any specificity the Individual Defendants' own individual personal actions alleged to have violated [her]

---

claims cannot lie against the Individual Defendants as a matter of law, any attempted amendment would be futile and dismissal with prejudice is appropriate. This Court does not, however, draw the same conclusion with the remainder of the claims that are dismissed for failure to adequately plead facts to support a cognizable claim.

rights." [Doc. 18 at 5]. In response, Plaintiff identifies the Individual Defendants and their respective titles. [Doc. 26 at ¶ 16]. Dr. Gillespie also points to her allegations that "Defendants" violated her First Amendment rights by "[c]ensoring her religious expression, including prohibiting her from wearing a shirt bearing the word 'faith'"; "[p]rohibiting modest religious greetings in emails, such as 'I pray this email finds you and your family well'"; and "[a]pplying these restrictions selectively, while similarly situated administrators were free to wear necklaces, display materials reflecting their religious or cultural identities, and use comparable religious language." [*Id.* at ¶ 16(b)].

But this type of pleading is insufficient. As the Tenth Circuit has observed:

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). However, this Court does note that Dr. Gillespie specifically avers that Defendant "Robison directed her to refrain from displaying any faith-based messages, to remove her greeting from professional emails, and not to make any religious references in conversation with staff or students." [Doc. 14 at ¶ 26]. And despite the fact that Plaintiff does not point this out in her response, *see generally* [Doc. 26 at ¶ 16], this Court finds that at this stage, this allegation is sufficiently detailed to preclude dismissal based of lack of personal participation as to Defendant Robison only, *see Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (observing that the court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted).

Accordingly, this Court concludes that Plaintiff has failed to sufficiently allege personal participation and respectfully **GRANTS** the Motion and **DISMISSES** Claim VI **without prejudice** as to the Individual Defendants, except as to Defendant Robison.

### C. Plaintiff Fails to Adequately Plead *Monell* Liability Against TSD

The remainder of Claim VI seeks to hold TSD liable for First Amendment violations under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). To do so, Plaintiff must allege that a government "'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Est. of Burnett v. City of Colorado Springs*, 763 F. Supp. 3d 1281, 1286–87 (D. Colo. 2025) (quoting *Monell*, 436 U.S. at 694). The Tenth Circuit has explained that an official policy or custom may include:

> (1) a formal regulation or policy statement;
>
> (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;
>
> (3) the decisions of employees with final policymaking authority;
>
> (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or
>
> (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Root v. Comstock*, No. 25-1123, 2026 WL 100785, at *7–8 (10th Cir. Jan. 14, 2026) (quoting *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023)).

Plaintiff attempts to allege some combination of a "formal regulation or policy statement" or "an informal custom amounting to a widespread practice that, although not

authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Est. of Burnett*, 763 F. Supp.3d at 1287. But her Amended Complaint lacks specific facts, taken as true, that would allow a factfinder to conclude that any formal or informal custom or policy.

Her allegation that "Defendant TSD maintained customs and policies that permitted and condoned discriminatory practices," [Doc. 14 at ¶ 47], is conclusory, and thus, this Court does not assume its truth. In her response to the Motion for Partial Dismissal, Plaintiff lists several examples of alleged discrimination that she contends constitute discriminatory customs or policies. [Doc. 26 at ¶ 27]. But as Defendants observe, these allegations "address how *she* was allegedly treated, not how she was a victim of a widespread practice, regulation, official policy." [Doc. 29 at 3]. For example, Plaintiff argues that the retaliation she alleges "suggests a custom of silencing complaints." [Doc. 26 at ¶ 27(c)]. She also contends that the "School District maintains and enforces a selective dress and communication code that permits religious or cultural expression by similarly situated administrators but prohibits Plaintiff's modest Christian expression." [*Id.* at ¶ 27(a)]. But she identifies no specific custom or any facts that demonstrate that such a custom extended beyond her. *See generally* [Doc. 14]. And her contention that TSD's selectively enforced a District dress and communications code against her, *see* [*id.* at ¶ 27], seems to contradict her allegation that her treatment was the result of a widespread policy and custom.

The Court thus respectfully **GRANTS** the Motion and **DISMISSES** Claim VI **without prejudice** as against TSD.

## III. Equal Pay Act Claim

Finally, Plaintiff asserts Claim VII for sex discrimination under the Equal Pay Act. 29 U.S.C. § 206(d). Defendants argue that Claim VII should be dismissed because Plaintiff erroneously names both entity and individual defendants. [Doc 18 at 5–6]. Plaintiff does not respond to this argument substantively in her response. [Doc. 26 at 8–9].

Defendants are correct that an Equal Pay Act claim cannot proceed against both entity and individual defendants. *Salemi v. Colo. Pub. Emps.' Ret. Ass'n*, 176 F. Supp. 3d 1132, 1158 (D. Colo. 2016) ("[A]n employee should assert an EPA claim against *either* the employer *or* the individual supervisor(s), but not both."). While Defendants do not cite any authority to suggest that dismissal of both the entity and individual defendants is required when both types of defendants are named, *see* [Doc. 18 at 5–6], there is no indication in either the Amended Complaint or Plaintiff's response whether she seeks to pursue an Equal Pay Act claim against TSD or an Individual Defendant(s), *see* [Doc. 14; Doc. 26]. And this Court cannot act as Plaintiff's advocate. *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that [s]he has not made for [herself].").

The Court thus respectfully **GRANTS** the Motion and **DISMISSES** Claim VII **without prejudice**.

## IV. Request for Leave to Amend

Should the Court conclude that she has failed to adequately plead Claim VI as to the Individual Defendants and Claim VII, Plaintiff seeks leave to amend her claims to "add . . . specificity." [Doc. 26 at ¶¶ 22, 34]. Dr. Gillespie has already amended her pleading once as a matter of course, so any other amendments may only be made with the

opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Defendants do not consent to amendment. [Doc. 29 at 5–6].

The Court declines to grant leave to amend absent a formal motion, as required by this District's Local Rules of Practice. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). "A district court may deny leave to amend when 'a plaintiff fails to file a written motion and instead 'merely suggests she should be allowed to amend if the court concludes her pleadings are infirm.'" *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (cleaned up). This is because "a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based." *Id.* (quotation omitted). Should Plaintiff seek to file an amended pleading, she must file a formal motion in accordance with the Local Rules.

## V. Doe Defendants

The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," and for this reason, "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp*, 2011 WL 1597686, at *3 (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)). Rule 4(m) requires a court to dismiss an action without prejudice against a defendant that has not been served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). And a court "should only allow claims against parties whose names are unknown to proceed 'if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Pearson v. Colo. Dep't of Transp.*, No. 18-

cv-02538-KLM, 2019 WL 3550208, at *4 (D. Colo. Aug. 5, 2019) (quoting *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013)).

More than 90 days has elapsed since the filing of both the original and Amended Complaint. [Doc. 1; Doc. 14]. There are also no allegations in the Amended Complaint of specific actions taken by any Doe Defendants. The only allegation is that "Defendants John Does 1–5 are unidentified TSD employees and policymakers whose acts contributed to Plaintiff's injuries." [Doc. 14 at ¶ 18]. Accordingly, Plaintiff is **ORDERED to SHOW CAUSE** no later than **November 25, 2026** why Defendants John Does 1–5 should not be dismissed from this action pursuant to Rule 12(b)(6) based on a failure to state a cognizable claim and/or failure to serve pursuant to Rule 4(m).

## VII. Use of Generative Artificial Intelligence

Finally, this Court sua sponte addresses Plaintiff's use of generative artificial intelligence ("AI"). Plaintiff's counsel certified that generative AI, specifically, Perplexity, was used to draft her response brief, but she also certified that all cited authority was manually reviewed by counsel of record. [Doc. 26 at 10]. Though the use of generative AI is not per se improper, and may, in fact, be helpful, such use is still governed by Rule 11 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025). Rule 11 provides, in pertinent part, by the signing of a filing with the Court, an attorney of record is representing that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or <u>needlessly increase the cost of litigation</u>; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b) (emphasis added). Indeed, the Tenth Circuit has aptly observed that "[a]ttorneys who choose to use it must be willing to also apply actual intelligence in its execution." *Lichfield v. Kubler*, 183 F.4th 1248, 1271 (10th Cir. 2026) (quotation omitted).

Parts of Dr. Gillespie's response are entirely non-responsive to the instant Motion. *See*, *e.g.*, [Doc. 26 at ¶¶ 4–7 (arguing that Plaintiff sufficiently alleged facts to assert Title VII claims against the District when Defendants did not argue for dismissal on that basis); ¶¶ 11–15 (arguing that Plaintiff asserts First Amendment claims against Individual Defendants in their individual capacities because she seeks monetary damages and that qualified immunity does not apply and that official capacity claims "are not separate causes of action," even though the Individual Defendants did not invoke qualified immunity); ¶ 18 (arguing that there is a causal link based on temporal proximity when Defendants did not challenge the pleading on the basis of causation); ¶¶ 29–33 (failing to address whether both entity and individual defendants can be named together for the purposes of an Equal Pay Act claim, and instead arguing that the Individual Defendants were "employers" under the economic reality test)]. "There is nothing inherently problematic with the use of artificial intelligence in the practice of law, but its careless use can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system." *Picon-Diaz v. Bondi*, No. 25-9530, 2026 WL 412348, at *5 (10th Cir. Feb. 13, 2026).

It is unclear whether the multiple inapposite arguments reflected in Dr. Gillespie's response are a result of the misuse of generative AI or attorney error. **In either case, Dr. Gillespie is expressly warned that both Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 address conduct by attorneys that needlessly**

**<u>multiply proceedings and the permissibility of sanctions flowing from such conduct.</u>**

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Partial Motion to Dismiss First Amended Complaint [Doc. 18] is **GRANTED in part** and **DENIED in part**;

(2) Claims I–V are **DISMISSED with prejudice** insofar as they arise under Title VII as to the Individual Defendants;

(3) Claim III is **DISMISSED without prejudice** as to all Defendants insofar as it asserts a First Amendment claim;

(4) Claim VI **DISMISSED without prejudice** as to all Defendants, except as to Defendant Robison;

(5) Claim VII is **DISMISSED without prejudice**;

(6) Plaintiff's request for leave to amend is **DENIED** pending a formal motion;

(7) Plaintiff is **ORDERED to SHOW CAUSE** no later than **November 25, 2026**, why Defendants John Does 1–5 should not be dismissed from this action pursuant to Rule 12(b)(6) based on a failure to state a cognizable claim and/or failure to serve pursuant to Rule 4(m);

(8) Claims I, II, IV, and V **SURVIVE** as to TSD;

(9) Claim III **SURVIVES** as to TSD insofar as it arises under Title VII; and

(10) Claim VI **SURVIVES** as to Defendant Robison.

DATED: November 18, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge